90/09-5983.DV:tmm

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN J. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 09 CV 1485 |
| | ) | |
| SCOTT M. CRAWFORD; DONALD F. | ) | Judge Robert M. Dow, Jr. |
| JOHNSON, in His Official Capacity as Chief of | ) | |
| the Round Lake Heights Police Department; | ) | |
| VILLAGE OF ROUND LAKE HEIGHTS; | ) | |
| MARIO SANKIS; ERIC SCHMIDT; PAUL | ) | Magistrate Judge Cole |
| GRACE; DOUGLAS R. LARSSON, in His | ) | |
| Official Capacity as Chief of the Round Lake | ) | |
| Beach Police Department; and VILLAGE OF | ) | |
| ROUND LAKE BEACH, | ) | JURY DEMANDED |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS, MARIO SANKIS, ERIC SCHMIDT, PAUL
GRACE, DOUGLAS R. LARSSON, and the VILLAGE OF ROUND LAKE
BEACH'S ANSWER, JURY DEMAND, AND AFFIRMATIVE
DEFENSES TO PLAINTIFF'S COMPLAINT**

NOW COME the Defendants, MARIO SANKIS, ERIC SCHMIDT, PAUL GRACE,

DOUGLAS R. LARSSON, and the VILLAGE OF ROUND LAKE BEACH, by and through one

of their attorneys, KRISTA E. OSWALD, and for their Answer to the Plaintiff's Complaint, state

as follows:

1.       At all times relevant hereto, the Plaintiff, John J. Thompson, was a resident of

Round Lake Park, Lake County, Illinois.

**ANSWER:**  These Defendants are without sufficient knowledge or information to form a

belief as to the truth of the allegations contained in paragraph 1.

2.     At all times relevant hereto, the Defendant, Scott M. Crawford, was a duly appointed and acting police officer employed by the Village of Round Lake Heights Police Department.  As such, Defendant, Scott M. Crawford, was a duly appointed agent authorized to enforce the laws of the Village of Round Lake Heights and the State of Illinois, and was so acting under the color of laws of the Village of Round Lake Heights and the State of Illinois at all times relevant to this action.

**ANSWER:**  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 2.

3.     Defendant, Donald F. Johnson, in his official capacity as Chief of the Village of Round Lake Heights Police Department, employed several police officers including Defendant, Scott M. Crawford, to enforce the laws of the Village of Round Lake Heights and the State of Illinois.  As such, he was acting under color of the laws of the Village of Round Lake Heights and the State of Illinois at all times relevant to this action.

**ANSWER:**  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 3.

4.     At all times relevant hereto, the Village of Round Lake Heights was a municipal corporation located within Lake County and duly incorporated under the laws of the State of Illinois.

**ANSWER:**  These Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 4.

5.     At all times relevant hereto, the Defendant, Mario Sankis, was a duly appointed and acting police officer employed by the Village of Round Lake Beach Police Department. As such, Defendant, Mario Sankis, was a duly appointed agent authorized to enforce the laws of the Village of Round Lake Beach and the State of Illinois, and was so acting under the color of laws of the Village of Round Lake Beach and the State of Illinois at all times relevant to this action.

**ANSWER:** These Defendants admit the allegations contained in paragraph 5.

6.     At all times relevant hereto, the Defendant, Eric Schmidt, was a duly appointed and acting police officer employed by the Village of Round Lake Beach Police Department. As such, Defendant, Eric Schmidt, was a duly appointed agent authorized to enforce the laws of the Village of Round Lake Beach and the State of Illinois, and was so acting under the color of laws of the Village of Round Lake Beach and the State of Illinois at all times relevant to this action.

**ANSWER:** These Defendants admit the allegations contained in paragraph 6.

7.     At all times relevant hereto, the Defendant, Paul Grace, was a duly appointed and acting police officer employed by the Village of Round Lake Beach Police Department. As such, Defendant, Paul Grace, was a duly appointed agent authorized to enforce the laws of the Village of Round Lake Beach and the State of Illinois, and was so acting under the color of laws of the Village of Round Lake Beach and the State of Illinois at all times relevant to this action.

**ANSWER:** These Defendants admit the allegations contained in paragraph 7.

8.     Defendant, Douglas R. Larsson, in his official capacity as Chief of the Village of Round Lake Beach Police Department, employed several police officers including Defendants,

Mario Sankis, Eric Schmidt and Paul Grace, to enforce the laws of the Village of Round Lake Beach and the State of Illinois.  As such, he was acting under color of the laws of the Village of Round Lake Beach and the State of Illinois at all times relevant to this action.

**ANSWER:**  Defendants admit that Douglas R. Larsson is the Chief of the Village of Round Lake Beach Police Department, and that Mario Sankis, Eric Schmidt and Paul Grace are officers employed by the Village of Round Lake Police Department.  Defendants deny all remaining allegations contained in paragraph 8.

9.    At all times relevant hereto, the Village of Round Lake Beach was a municipal corporation located within Lake County and duly incorporated under the laws of the State of Illinois.

**ANSWER:**  These Defendants admit the allegations contained in paragraph 9.

10.    This is an action brought seeking damages and other appropriate relief under 42 U.S.C. § 1983 and the Fourth Amendment of the United States Constitution for violation of the Plaintiff's civil rights by the Defendants whose actions were taken under color of state law. State law battery counts are also alleged against the individual police officer Defendants.

**ANSWER:**  Defendants admit that this action is being brought pursuant to 42 U.S.C. §1983 and that state law battery counts are also alleged against the individual police officer Defendants.  Defendants deny all remaining allegations contained in paragraph 10.

11.    Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) relative to each count alleging violations of 42 U.S.C. § 1983 and the Fourth

Amendment of the United States Constitution.  Jurisdiction over state law claims is conferred upon this court pursuant to 28 U.S.C. §1367(a).

  **ANSWER:**  Defendants admit that this Court has jurisdiction under 28 U.S.C. § §1331 and 1343(a)(3).

  12. Venue is proper in the United States District Court for the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) as the Defendants are located herein and all or at least a substantial portion of the events involved herein occurred within this District.

  **ANSWER:**  Defendants admit the allegations contained in paragraph 12.

  13. On March 9, 2008 at approximately 3:00 a.m. and thereafter, the Plaintiff, John J. Thompson, was unarmed and was a patron at Richard's Chicken & Ribs (hereinafter referred to as "Richard's") located at 900 West Rollins Road within the Village of Round Lake Heights, Illinois and was playing pool at said establishment.  Richard's is a popular restaurant/drinking establishment located close to the boundary line between the Villages of Round Lake Heights and Round Lake Beach.

  **ANSWER:**  Defendants admit that on March 9, 2008, the Plaintiff was a patron at Richard's Chicken & Ribs located at 900 West Rollins Road within the Village of Round Lake Heights, Illinois.  Defendants lack sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 13.

  14, On March 9, 2008 at approximately 3:00 a.m. and thereafter, the Defendants, Scott M. Crawford, Mario Sankis, Eric Schmidt and/or Paul Grace, were present on the premises

of Richard's wearing their police uniforms on police matters unrelated to the incidents alleged herein.

**ANSWER:** Defendants admit that Mario Sankis, Eric Schmidt and Paul Grace were present on the premises of Richard's and wearing their police uniforms but are without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 13.

15.     After a minor verbal dispute between the Plaintiff, John J. Thompson, and/or a friend of his that was also present at Richard's and a couple of other Richard's patrons, Defendant, Scott M. Crawford, confronted the Plaintiff, John J. Thompson as he was playing pool.

**ANSWER:** Defendants admit that Scott M. Crawford spoke to the Plaintiff but are without sufficient information to form a belief as to the truth of the remaining allegations contained in paragraph 15.

16.     Without any provocation, Defendant, Scott M. Crawford, grabbed the Plaintiff, John J. Thompson's pool stick while Thompson was in the midst of performing a pool shot.

**ANSWER:** Defendants deny the allegations contained in paragraph 16.

17.     After grabbing the pool stick, Defendant Scott M. Crawford, punched the Plaintiff, John J. Thompson, in the fact around the eye, nose and cheek areas, ultimately causing bruising and swelling to Thompson's face. The force of the punch was such that Thompson fell backwards.

- 6 -

**ANSWER:** Defendants are without sufficient information to form a belief as to the truth of the allegations contained I paragraph 17.

18.     In the process of falling backwards, Thompson was grabbed by Defendants, Mario Sankis, Eric Schmidt and/or Paul Grace and then wrestled to the floor.

**ANSWER:** Defendants deny the allegations contained in paragraph 18.

19.     Within a few seconds after being wrestled to the floor, Defendant, Mario Sankis, shot the Plaintiff, John J. Thompson, with a taser gun while Thompson was being held down by two of the other Defendant police officers.  Thompson received no prior warning of this taser shot into Thompson's chest.  This taser shot caused Thompson to experience excruciating pain, loss of muscle control and numbness.

**ANSWER:** Defendants admit that the Plaintiff was struck with a taser gun and deny the remaining allegations contained in paragraph 19.

20.     Very soon thereafter, Defendant, Eric Schmidt, deployed two additional taser shots striking various parts of Thompson's body causing additional excruciating pain, loss of muscle control and numbness.

**ANSWER:** Defendants admit that the Plaintiff was struck with a taser gun and deny the remaining allegations contained in paragraph 20.

21.     Defendants, Scott M. Crawford, Mario Sankis, Eric Schmidt and/or Paul Grace handcuffed the Plaintiff, John J. Thompson, too tightly and dragged him outside of Richard's to a

squad car.  As this was occurring, Defendant, Paul Grace, had Thompson in a choke hold around the neck.  Despite complaints about the tightness of the handcuffs and the choke hold, and the pain that they were causing Thompson, Paul Grace would not loosen said handcuffs nor release the choke hold around Thompson's neck.  These actions caused Thompson to lose his breath, almost causing him to faint.

**ANSWER:**  Defendants admit that the Plaintiff was handcuffed and deny the remaining allegations contained in paragraph 21.

22.     At that time, the Plaintiff, John J. Thompson, requested medical attention and the Round Lake area paramedics were dispatched to the scene to provide Thompson with medical assistance.  One of the Defendant police officers removed the taser probes and Thompson was taken from Richard's to receive medical attention at Condell Hospital.

**ANSWER:**  Defendants admit that the Plaintiff received medical attention and are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 22.

23.     Defendant, Scott M. Crawford, accompanied the Plaintiff, John J. Thompson, to the hospital and remained with him at the emergency room while he was being treated.

**ANSWER:**  Defendants are without sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 23.

24.     The Plaintiff, John J. Thompson, at no time relevant hereto posed an immediate threat to the safety of the Defendant police officers in that they either knew or should have

known that Thompson at no point used or threatened to use the pool cue against any of the Defendants and did not have anything that could otherwise be used as a weapon, nor took any offensive actions directed toward any of the Defendants.

**ANSWER:** Defendants deny the allegations contained in paragraph 24.


25.    The Plaintiff, John J. Thompson, did not take any actions which could be reasonably be deemed by the Defendants to be actively resisting arrest, attempting to flee and/or evading arrest by flight.

**ANSWER:** Defendants deny the allegations contained in paragraph 25.


## COUNT I
### (SCOTT M. CRAWFORD, §1983)

Defendants make no answer to the allegations contained in Count I as they are not directed against these Defendants.  To the extent that any of the allegations contained in Count I may be construed against these Defendants, Defendants deny the allegations contained in Count I.


## COUNT II
### (SCOTT M. CRAWFORD, Battery)

Defendants make no answer to the allegations contained in Count II as they are not directed against these Defendants.  To the extent that any of the allegations contained in Count II may be construed against these Defendants, Defendants deny the allegations contained in Count II.

<u>**COUNT III**</u>
**(DONALD F. JOHNSON and VILLAGE OF ROUND LAKE HEIGHTS, §1983)**

Defendants make no answer to the allegations contained in Count III as they are not directed against these Defendants. To the extent that any of the allegations contained in Count III may be construed against these Defendants, Defendants deny the allegations contained in Count III.

<u>**COUNT IV**</u>
**(MARIO SANKIS, §1983)**

1-25.   The Plaintiff, John J. Thompson, realleges paragraphs 1-25 of the Introductory paragraphs as paragraphs 1-25 of Count IV and hereby incorporates them herein by reference.

**ANSWER:**  Defendants reallege their answers to paragraphs 1-25 above as if fully set forth herein.

26.     The aforesaid actions taken by Defendant, Mario Sankis, were taken under color of state law.

**ANSWER:**  Defendants admit the allegations contained in paragraph 26.

27.     The aforesaid actions taken by Defendant, Mario Sankis, amounted to the use of excessive force in violation of the Plaintiff's rights to be free from unreasonable seizure pursuant to the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983 in that the following actions were not objectively reasonable in light of the aforesaid circumstances:

      a.   Shooting the Plaintiff, John J. Thompson, with a taser gun while he was being held down by two other police officers;

b.   Handcuffing the Plaintiff, John J. Thompson's, wrists too tight and refusing his requests to loosen the handcuffs even after his complaints about the tightness of the handcuffs around his wrists;

c.   Grabbing the Plaintiff, John J. Thompson, as he was falling backward after being punched by Scott M. Crawford and wrestling him to the floor in conjunction with his fellow police officers; and/or

d.   Otherwise utilizing greater force than was necessary under the circumstances to appropriately deal with the situation confronting the Defendant, Mario Sankis.

**ANSWER:**   Defendants deny the allegations contained in paragraph 27 inclusive of subparts a. through d..

28.    The aforesaid actions taken by the Defendant, Mario Sankis, were undertaken intentionally, maliciously, and/or with a reckless and/or willful indifference to the Plaintiff's constitutional rights.

**ANSWER:**   Defendants deny the allegations contained in paragraph 28.

29.    As a direct and proximate result of the aforesaid actions by Defendant, Mario Sankis, the Plaintiff, John J. Thompson, was severely and permanently injured; numerous parts of his body and nervous system and their functions impaired; he has suffered and will in the future continue to suffer mental and physical pain and anguish; he has incurred indebtedness and will continue to incur indebtedness in the future for medical expenses; he has been unable to follow his usual occupation for a period of time, thereby losing sums of money, and has been damaged in his earning capacity, was subjected to public disgrace and humiliation and his reputation was severely injured.

**ANSWER:**   Defendants deny the allegations contained in paragraph 29.

WHEREFORE, these Defendants pray for judgment in their favor and against the Plaintiff, JOHN J. THOMPSON, in accordance with the foregoing.

## COUNT V
## (MARIO SANKIS, Battery)

1-25.    The Plaintiff, John J. Thompson, realleges paragraphs 1-25 of the Introductory paragraphs as paragraphs 1-25 of Count V and hereby incorporates them herein by reference.

**ANSWER:**  Defendants reallege their answers to paragraphs 1-25 above as if fully set forth herein.

26.    The aforesaid actions taken by Defendant Mario Sankis, were intentionally taken and without justification or provocation and without the Plaintiff, John J. Thompson's consent.

**ANSWER:**  Defendants deny the allegations contained in paragraph 26.

27.    The Defendant, Mario Sankis's actions constituted an excessive use of force under the circumstances and was an offensive physical contact with the Plaintiff in the following ways:

    a.    Shooting the Plaintiff, John J. Thompson, with a taser gun while he was being held down by two other police officers;

    b.    Handcuffing the Plaintiff, John J. Thompson's wrists too tight and refusing his requests to loosen the handcuffs even after his complaints about the tightness of the handcuffs around his wrists;

    c.    Grabbing the Plaintiff, John J. Thompson, as he was falling backward after being punched by Scott M. Crawford and wrestling him to the floor in conjunction with this fellow police officers; and/or

    d.    Otherwise utilizing greater force against Thompson's body than was necessary under the circumstances to appropriately deal with the situation confronting the Defendant, Mario Sankis.

**ANSWER:**  Defendants deny the allegations contained in paragraph 27 inclusive of subparts a. through d.

28.    As a direct and proximate result of the aforesaid actions by Defendant, Mario Sankis, the Plaintiff, John J. Thompson, was severely and permanently injured; numerous parts of his body and nervous system and their functions impaired; he has suffered and will in the future continue to suffer mental and physical pain and anguish; he has incurred indebtedness and will continue to incur indebtedness in the future for medical expenses; he has been unable to follow his usual occupation for a period of time, thereby losing sums of money, and has been damaged in his earning capacity, was subjected to public disgrace and humiliation and his reputation was severely injured.

**ANSWER:**  Defendants deny the allegations contained in paragraph 28.

WHEREFORE, WHEREFORE, these Defendants pray for judgment in their favor and against the Plaintiff, JOHN J. THOMPSON, in accordance with the foregoing.

## COUNT VI
### (ERIC SCHMIDT, §1983)

1-25.    The Plaintiff, John J. Thompson, realleges Paragraphs 1-25 of the Introductory paragraphs as paragraphs 1-25 of Count VI and hereby incorporates them herein by reference.

**ANSWER:**  Defendants reallege their answers to paragraphs 1-25 above as if fully set forth herein.

26.    The aforesaid actions taken by Defendant, Eric Schmidt, were taken under color of state law.

**ANSWER:**  Defendants admit the allegations contained in paragraph 26.

27.    The aforesaid actions taken by Defendant, Eric Schmidt, amounted to the use of excessive force in violation of the Plaintiff's rights to be free from unreasonable seizure pursuant to the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983 in that the following actions were not objectively reasonable in light of the aforesaid circumstances:

   a.   Shooting the Plaintiff, John J. Thompson, twice with a taser gun after he had been previously subdued as a result of being punched in the face and previously tasered;

   b.   Handcuffing the Plaintiff, John J. Thompson's, wrists too tight and refusing his requests to loosen the handcuffs even after his complaints about the tightness of the handcuffs around his wrists;

   c.   Grabbing the Plaintiff, John J. Thompson, as he was falling backward after being punched by Scott M. Crawford and wrestling him to the floor in conjunction with his fellow police officers; and/or

   d.   Otherwise utilizing greater force than was necessary under the circumstances to appropriately deal with the situation confronting the Defendant, Eric Schmidt.

**ANSWER:**  Defendants deny the allegations contained in paragraph 27 inclusive of subparts a. through d.

28.    The aforesaid actions taken by the Defendant, Eric Schmidt, were undertaken intentionally, maliciously, and/or with a reckless and/or willful indifference to the Plaintiff's constitutional rights.

**ANSWER:**  Defendants deny the allegations contained in paragraph 28.

- 14 -

29.     As a direct and proximate result of the aforesaid actions by Defendant, Eric Schmidt, the Plaintiff, John J. Thompson, was severely and permanently injured; numerous parts of his body and nervous system and their functions impaired; he has suffered and will in the future continue to suffer mental and physical pain and anguish; he has incurred indebtedness and will continue to incur indebtedness in the future for medical expenses; he has been unable to follow his usual occupation for a period of time, thereby losing sums of money, and has been damaged in his earning capacity, was subjected to public disgrace and humiliation and his reputation was severely injured.

**ANSWER:** Defendants deny the allegations contained in paragraph 29.

WHEREFORE, these Defendants pray for judgment in their favor and against the Plaintiff, JOHN J. THOMPSON, in accordance with the foregoing.

## COUNT VII
### (ERIC SCHMIDT, Battery)

1-25.   The Plaintiff, John J. Thompson, realleges Paragraphs 1-25 of the Introductory paragraphs as paragraphs 1-25 of Count VII and hereby incorporates them herein by reference.

**ANSWER:**  Defendants reallege their answers to paragraphs 1-25 above as if fully set forth herein.

26.     The aforesaid actions taken by Defendant, Eric Schmidt, were intentionally taken and without justification or provocation and without the Plaintiff, John J. Thompson's consent.

**ANSWER:**  Defendants deny the allegations contained in paragraph 26.

- 15 -

27.     The Defendant, Eric Schmidt's actions constituted an excessive use of force under the circumstances and were and/or an offensive physical contact of the plaintiff in the following ways:

     a.   Shooting the Plaintiff, John J. Thompson, with a taser gun while he was being held down by two other police officers;

     b.   Handcuffing the Plaintiff, John J. Thompson's wrists too tight and refusing his requests to loosen the handcuffs even after his complaints about the tightness of the handcuffs around his wrists;

     c.   Grabbing the Plaintiff, John J. Thompson, as he was falling backward after being punched by Scott M. Crawford and wrestling him to the floor in conjunction with his fellow police officers; and/or

     d.   Otherwise utilizing greater force against Thompson's body than was necessary under the circumstances to appropriately deal with the situation confronting the Defendant, Eric Schmidt.

**ANSWER:**  Defendants deny the allegations contained in paragraph 27 inclusive of subparts a. through d.

28.     As a direct and proximate result of the aforesaid actions by Defendant, Eric Schmidt, the Plaintiff, John J. Thompson, was severely and permanently injured; numerous parts of his body and nervous system and their functions impaired; he has suffered and will in the future continue to suffer mental and physical pain and anguish; he has incurred indebtedness and will continue to incur indebtedness in the future for medical expenses; he has been unable to follow his usual occupation for a period of time, thereby losing sums of money, and has been damaged in his earning capacity, was subjected to public disgrace and humiliation and his reputation was severely injured.

**ANSWER:**  Defendants deny the allegations contained in paragraph 28.

WHEREFORE, these Defendants pray for judgment in their favor and against the Plaintiff, JOHN J. THOMPSON, in accordance with the foregoing.


## COUNT VIII
## (PAUL GRACE, §1983)

1-25.   The Plaintiff, John J. Thompson, realleges Paragraphs 1-25 of the Introductory paragraphs as paragraphs 1-25 of Count VIII and hereby incorporates them herein by reference.

**ANSWER:**  Defendants reallege their answers to paragraphs 1-25 above as if fully set forth herein.


26.     The aforesaid actions taken by Defendant, Paul Grace, were taken under color of state law.

**ANSWER:**  Defendants admit the allegations contained in paragraph 26.


27.   The aforesaid actions taken by Defendant, Paul Grace, amounted to the use of excessive force in violation of the Plaintiff's rights to be free from unreasonable seizure pursuant to the Fourth Amendment of the United States Constitution and 42 U.S.C. §1983 in that the following actions were not objectively reasonable in light of the aforesaid circumstances:

   a.   Placing the Plaintiff in a tight choke hold around his neck and refusing to release the choke hold despite Thompson's complaints that he could not breathe despite his having been previously subdued by having been punched and tased three times;

   b.   Handcuffing the Plaintiff, John J. Thompson's wrists too tight and refusing his requests to loosen the handcuffs even after his complaints about the tightness of the handcuffs around his wrists;

   c.   Grabbing the Plaintiff, John J. Thompson, as he was falling backward after being punched by Scott M. Crawford and wrestling him to the floor in conjunction with his fellow police officers; and/or

    d.   Otherwise utilizing greater force than was necessary under the circumstances to appropriately deal with the situation confronting the Defendant, Paul Grace.

**ANSWER:** Defendants deny the allegations contained in paragraph 27 inclusive of subparts a. through d.

28.    The aforesaid actions taken by the Defendant, Paul Grace, were undertaken intentionally, maliciously, and/or with a reckless and/or willful indifference to the Plaintiff's constitutional rights.

**ANSWER:** Defendants deny the allegations contained in paragraph 28.

29.    As a direct and proximate result of the aforesaid actions by Defendant, Paul Grace, the Plaintiff, John J. Thompson, was severely and permanently injured; numerous parts of his body and nervous system and their functions impaired; he has suffered and will in the future continue to suffer mental and physical pain and anguish; he has incurred indebtedness and will continue to incur indebtedness in the future for medical expenses; he has been unable to follow his usual occupation for a period of time, thereby losing sums of money, and has been damaged in his earning capacity, was subjected to public disgrace and humiliation and his reputation was severely injured.

**ANSWER:** Defendants deny the allegations contained in paragraph 29.

WHEREFORE, these Defendants pray for judgment in their favor and against the Plaintiff, JOHN J. THOMPSON, in accordance with the foregoing.

## <u>COUNT IX</u>
**(PAUL GRACE, Battery)**

1-25.   The Plaintiff, John J. Thompson, realleges paragraphs 1-25 of the Introductory

paragraphs as paragraphs 1-25 of Count IX and hereby incorporates them herein by reference.

**ANSWER:**   Defendants reallege their answers to paragraphs 1-25 above as if fully set

forth herein.


26.    The aforesaid actions taken by Defendant, Paul Grace, were intentionally taken

and without justification or provocation and without the Plaintiff, John J. Thompson's consent.

**ANSWER:**  Defendants deny the allegations contained in paragraph 26.


27.    The Defendant, Paul Grace's actions constituted an excessive use of force under

the circumstances and were and/or an offensive physical contact of the plaintiff in the following

ways:

> a.   Placing the Plaintiff in a tight choke hold around his neck and refusing to release the choke hold despite Thompson's complaints that he could not breath despite his having been previously subdued by having been punched and tased three times;
>
> b.   Handcuffing the Plaintiff, John J. Thompson's wrists too tight and refusing his requests to loosen the handcuffs even after his complaints about the tightness of the handcuffs around his wrists;
>
> c.   Grabbing the Plaintiff, John J. Thompson, as he was falling backward after being punched by Scott M. Crawford and wrestling him to the floor in conjunction with his fellow police officers; and/or
>
> d.   Otherwise utilizing greater force against Thompson's body than was necessary under the circumstances to appropriately deal with the situation confronting the Defendant, Paul Grace.

**ANSWER:**   Defendants deny the allegations contained in paragraph 27 inclusive of

subparts a. through d.

28.     As a direct and proximate result of the aforesaid actions by Defendant, Paul Grace, the Plaintiff, John J. Thompson, was severely and permanently injured; numerous parts of his body and nervous system and their functions impaired; he has suffered and will in the future continue to suffer mental and physical pain and anguish; he has incurred indebtedness and will continue to incur indebtedness in the future for medical expenses; he has been unable to follow his usual occupation for a period of time, thereby losing sums of money, and has been damaged in his earning capacity, was subjected to public disgrace and humiliation and his reputation was severely injured.

**ANSWER:**  Defendants deny the allegations contained in paragraph 28.

WHEREFORE, these Defendants pray for judgment in their favor and against the Plaintiff, JOHN J. THOMPSON, in accordance with the foregoing.

## <u>COUNT X</u>
### (DOUGLAS R. LARSSON and VILLAGE OF ROUND LAKE BEACH, §1983)

1-25.   The Plaintiff, John J. Thompson, realleges Paragraphs 1-25 of the Introductory paragraphs as paragraphs 1-25 of Count X and hereby incorporates them herein by reference.

**ANSWER:**  Defendants reallege their answers to paragraphs 1-25 above as if fully set forth herein.

26.     The actions taken by Defendants, Douglas R. Larsson, in his official capacity as Chief of the Round Lake Beach Police Department, and the Village of Round Lake Beach, were taken under color of state law.

**ANSWER:** Defendant, The Village of Round Lake Beach, denies the allegations contained in paragraph 26. Defendant, Douglas R. Larsson, in his official capacity as Chief of the Round Lake Beach Police Department, makes no answer to the allegations contained in paragraph 26 pursuant to an agreement with Plaintiff's counsel that Chief Douglas R. Larsson will be voluntarily dismissed without prejudice from this lawsuit.

27.    The Plaintiff, John J. Thompson, has been informed and believes and therefore alleges on information and belief that Douglas R. Larsson, in his official capacity as Chief of the Round Lake Beach Police Department is the policy maker for the Round Lake Beach Police Department. In this regard, at all relevant times, Douglas R. Larsson, in his official capacity as Chief of the Round Lake Beach Police Department, and the Village of Round Lake Beach were acting under longstanding and widespread customs, practices and/or policies. Said customs, practices and/or policies consisted of improper training, hiring, supervising, controlling, disciplining and/or assigning village police officers. Said customs, practices, and/or policies encouraged the use of excessive force.

**ANSWER:** Defendant, the Village of Round Lake Beach, denies the allegations contained in paragraph 27. Defendant, Douglas R. Larsson, in his official capacity as Chief of the Round Lake Beach Police Department, makes no answer to the allegations contained in paragraph 26 pursuant to an agreement with Plaintiff's counsel that Chief Douglas R. Larsson will be voluntarily dismissed without prejudice from this lawsuit.

28.    The Plaintiff, John J. Thompson, has been informed and believes and therefore alleges on information and belief that Douglas R. Larsson, in his official capacity as Chief of the

Round Lake Beach Police Department is the policy maker for the Round Lake Beach Police Department. In this regard, at all relevant times, Douglas R. Larsson, in his official capacity as Chief of the Round Lake Beach Police Department, and the Village of Round Lake Beach, were acting under longstanding and widespread customs, practices and/or policies. Said customs, practices and/or policies consisted of improper training, hiring, supervising, controlling, disciplining and/or assigning village police officers. Under said customs, practices, and/or policies, personnel were not discouraged from using of excessive force.

**ANSWER:** Defendant, the Village of Round Lake Beach, denies the allegations contained in paragraph 28. Defendant, Douglas R. Larsson, in his official capacity as Chief of the Round Lake Beach Police Department, makes no answer to the allegations contained in paragraph 26 pursuant to an agreement with Plaintiff's counsel that Chief Douglas R. Larsson will be voluntarily dismissed without prejudice from this lawsuit.

29.     The Plaintiff, John J. Thompson, has been informed and believes and therefore alleges on information and belief that in this regard, Douglas R. Larsson, in his official capacity as Chief of the Round Lake Beach Police Department, and the Village of Round Lake Beach and pursuant to said longstanding and widespread customs, practices and/or policies, their actions constituted a deliberate indifference to the Plaintiff's, John J. Thompson, constitutional rights under the Fourth Amendment and 42 U.S.C. §1983 to the United States Constitution in that:

   a.   In failing to properly train its police officers in the proper use of taser guns including, but not limited to, the appropriate times in which to use the taser guns, the appropriate number of times in which a taser gun should be discharged upon on individual such as Plaintiff, John J. Thompson, and the need to provide sufficient and proper warnings to a potential taser victim prior to deploying the taser gun;

   b.   In light of the past history of problems that have occurred at drinking establishments including, but not limited to, Richard's within the Village of

Round Lake Heights and the surrounding areas, the need for training to deal specifically with problems that are likely to occur at establishments serving liquor without the need to utilize excessive force should have been obvious to the village policy makers;

c.  In light of several prior instances in which members of the Round Lake Beach Police Department used excessive force against individuals, the need for training to deal specifically with individuals without the need to utilize excessive force should have been obvious to the village policy makers; and/or

d.  Otherwise exhibited deliberate indifference in their policies concerning hiring, retaining, training, supervising, controlling, disciplining and/or assigning village police officers.

**ANSWER:**  Defendant, the Village of Round Lake Beach, denies the allegations contained in paragraph 29 inclusive of subparts a. through e.  Defendant, Douglas R. Larsson, in his official capacity as Chief of the Round Lake Beach Police Department, makes no answer to the allegations contained in paragraph 26 pursuant to an agreement with Plaintiff's counsel that Chief Douglas R. Larsson will be voluntarily dismissed without prejudice from this lawsuit.


30.     As a direct and proximate result of the aforesaid actions by Defendants, Douglas R. Larsson, in his official capacity as Chief of the Round Lake Beach Police Department, and the Village of Round Lake Beach, the Plaintiff, John J. Thompson, was severely and permanently injured; numerous parts of his body and nervous system and their functions impaired; he has suffered and will in the future continue to suffer mental and physical pain and anguish; he has incurred indebtedness and will continue to incur indebtedness in the future for medical expenses; he has been unable to follow his usual occupation for a period of time, thereby losing sums of money, and has been damaged in his earning capacity, was subjected to public disgrace and humiliation and his reputation was severely injured.

**ANSWER:**  Defendant, the Village of Round Lake Beach, denies the allegations contained in paragraph 30.  Defendant, Douglas R. Larsson, in his official capacity as Chief of

- 23 -

the Round Lake Beach Police Department, makes no answer to the allegations contained in paragraph 26 pursuant to an agreement with Plaintiff's counsel that Chief Douglas R. Larsson will be voluntarily dismissed without prejudice from this lawsuit.

WHEREFORE, these Defendants pray for judgment in their favor and against the Plaintiff, JOHN J. THOMPSON, in accordance with the foregoing.

## JURY DEMAND

The Defendants, MARIO SANKIS, ERIC SCHMIDT, PAUL GRACE, DOUGLAS R. LARSSON, and the VILLAGE OF ROUND LAKE BEACH, demand a trial by jury.

## AFFIRMATIVE DEFENSES

NOW COME the Defendants, MARIO SANKIS, ERIC SCHMIDT, PAUL GRACE, DOUGLAS R. LARSSON, and the VILLAGE OF ROUND LAKE BEACH, by and through one of their attorneys, KRISTA E. OSWALD, and state the following as their Affirmative Defenses to Plaintiff's Complaint:

### FIRST AFFIRMATIVE DEFENSE
#### (Counts V, VII, and IX)

The alleged acts of the individual Defendants involve the execution and enforcement of the law within the meaning of 745 ILCS 10/2-202 and such conduct cannot be characterized as willful and wanton thus immunizing the Officers Sankis, Schmidt, and Grace and the Village of Round Lake Beach is entitled to that same immunity derivatively under §2-109 of the Act.

## SECOND AFFIRMATIVE DEFENSE
### (Counts V, VII, and IX)

The actions of the Plaintiff by acting in a disorderly manner and interfering with the duties of Officer Defendants were acts which the Plaintiff knew could have resulted in arrest or injury and he acted in conscious disregard for the likelihood that arrest or injury would result. These acts amount to willful and wanton conduct and amount to contributory fault which is more than 50% of the total fault contributing to his injuries and judgment should be entered in favor of these Defendants and against the Plaintiff. Alternatively, any judgment entered in favor of the Plaintiff, should be reduced by the amount of percentage of the contributory fault of the Plaintiff.

## THIRD AFFIRMATIVE DEFENSE
### (Counts VI, VI, and VIII)

The individual Defendants, Officers Sankis, Schmidt, and Grace are entitled to qualified immunity as under the totality of the circumstances, no reasonably competent police officer would have concluded that the arrest of the Plaintiff or use of force in effecting the arrest of the Plaintiff, John J. Thompson, violated the United States Constitution and Officers Sankis, Schmidt, and Grace are entitled to qualified immunity.

## FOURTH AFFIRMATIVE DEFENSE
### (Counts V, VII, and IX)

At all relevant times, the individual Defendant Officers Sankis, Schmidt, and Grace, were exercising discretion in their acts and in the determination of policy within the meaning of § 2-201 of the Illinois Tort Immunity Act and are entitled to absolute immunity in connection with the Plaintiff's claims. The Village of Round Lake Beach is entitled to that same immunity derivatively under § 2-109 of the Act.

## **FIFTH AFFIRMATIVE DEFENSE**
### **(Counts V, VII, and IX)**

The individual Defendant Officers Sankis, Schmidt, and Grace, are immune from the Plaintiff's claims pursuant to 10/2-204 of the Illinois Tort Immunity Act which provides that "except as otherwise provided by statute, a public employee, as such and acting within the scope of employment, is not liable for any injuries caused by the act or omissions of another person."

WHEREFORE, the Defendants, MARIO SANKIS, ERIC SCHMIDT, PAUL GRACE, DOUGLAS R. LARSSON, and the VILLAGE OF ROUND LAKE BEACH, pray that judgment be entered in their favor and against the Plaintiff, JOHN J. THOMPSON, in accordance with the foregoing Affirmative Defenses.

Respectfully submitted,


By:

s/Krista E. Oswald
Krista E. Oswald, One of the Attorneys for Defendants,
MARIO SANKIS, ERIC SCHMIDT, PAUL GRACE,
DOUGLAS R. LARSSON, and the  VILLAGE OF
ROUND LAKE BEACH

KNIGHT, HOPPE, KURNIK & KNIGHT, LTD.
5600 North River Road, Suite 600
Rosemont, IL  60018-5114
847/261-0700; FAX 847/261-0714
EMAIL:  KOswald@khkklaw.com

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on July 29, 2009, the foregoing **ANSWER TO COMPLAINT, JURY DEMAND, AND AFFIRMATIVE DEFENSES** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System which will send notification of such filing to the following:

- **Andrea J. Beer**
  andrea@thellerlaw.com

- **Patrick Everett Burgess**
  peburgess@tribler.com,lcrafton@tribler.com

- **William W. Kurnik**
  bkurnik@khkklaw.com

- **Michael Joseph Meyer**
  mjmeyer@tribler.com,amills@tribler.com

- **William B. Oberts**
  wboberts@tribler.com,DCiancanelli@tribler.com

- **Krista Eleanore Oswald**
  Koswald@khkklaw.com,tmulligan@khkklaw.com

- **Bruce A Slivnick**
  bruce@thellerlaw.com

## MANUAL NOTICE LIST

Todd A Heller
Law Offices of Todd A. Heller & Associates
707 Lake Cook Road
#316
Deerfield, IL 60015

Paul Joseph Oleksak
Attorney at Law
100 N. Atkinson Road
Suite 110F
Grayslake, IL 60030

s/Krista E. Oswald
KRISTA E. OSWALD

5983 Answer-JD-Aff Def 09-07-29

- 27 -