# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN J. THOMPSON )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SCOTT M. CRAWFORD the VILLAGE OF )<br>ROUND LAKE HEIGHTS, MARIO SANKIS, ERIC )<br>SCHMIDT, PAUL GRACE, and the VILLAGE OF )<br>ROUND LAKE BEACH, )<br>)<br>Defendants. ) | Case No.: 09 CV 1485<br><br>Judge: Robert M. Dow, Jr.<br><br>Magistrate Judge Jeffrey Cole |

## MOTION TO COMPEL

NOW COME, defendants, the Scott M. Crawford and the Village of Round Lake Heights, by and through their attorneys, Tribler Orpett & Meyer, P.C., and move to compel plaintiff, John Thompson, to produce his tax returns for the years 2007, 2008 and 2009, and in support of this motion, defendants state as follows:

1. This action is pursuant to 42 U.S.C. §1983 in which the Plaintiff claims he was improperly subject to excessive force by defendants Scott Crawford and the Village of Round Lake Heights.

2. As a result of this alleged occurrence, Plaintiff is making a claim for lost wages. At the first part of Plaintiff's deposition on January 6, 2010, counsel for plaintiff, Bruce Slivnik agreed to produce Plaintiff for a second deposition regarding Plaintiff's claim for lost wages due to the fact that Plaintiff did not provide his tax returns and complete copies of Plaintiff's job logs. (See pages 56 and 57 of the first part of Plaintiff's deposition attached hereto as Exhibit 1).

3. On April 7, 2010, Plaintiff was re-deposed for purposes of his alleged wage loss claim. At that deposition, Plaintiff testified that he had not filed his tax returns for 2007 and

2008. Plaintiff testified that he had an appointment with an accountant and that he was going to file his tax returns for the years 2007, 2008 and 2009 within two months. (See pages 199 through 200 of the second part of Plaintiff's deposition attached hereto as Exhibit 2).

4. On August 5, 2010, defendants sent Plaintiff correspondence again requesting his tax returns for the years 2007, 2008 and 2009 which we previously requested. Defendants requested Plaintiff to provide the tax returns for the above-mentioned relevant years within 21 days, on or before August 25, 2010.

5. Plaintiff never responded to defense counsel's correspondence regarding the tax returns and did not produce the tax returns on August 25, 2010.

6. On September 17, 2010, defendant's counsel, pursuant to local Rule 37.2, attempted to confer with Plaintiff's counsel regarding his failure to produce Plaintiff's tax returns for 2007, 2008 and 2009. Plaintiff's counsel informed defense counsel that Plaintiff had not yet filed his tax returns for 2007, 2008 and 2009 and was in the process of preparing the information for filing.

7. Due to Plaintiff's delay in filing his tax returns for 2007, 2008 and 2009, defense counsel was severely prejudice in this matter if they cannot proceed in the determining the validity of Plaintiff's alleged wage loss claim for the occurrence of March 9, 2008.

WHEREFORE, Defendants, request this Court to compel Plaintiff to produce his tax returns for 2007, 2008 and 2009 within the next 30 days and/or to enter any appropriate sanctions for Plaintiff's failure to provide his tax returns to date.

Respectfully submitted,

TRIBLER ORPETT & MEYER, P.C.

By: /s/ *Patrick E. Burgess*
One of the attorneys for the Scott Crawford and the Village of Round Lake Heights

Michael J. Meyer – ARDC 6193712
William B. Oberts – ARDC 6244723
Patrick E. Burgess – ARDC 6274640
TRIBLER ORPETT & MEYER, P.C.
225 West Washington St., Suite 1300
Chicago, Illinois 60606
(312) 201-6400
(312) 201-6401 (fax)

# EXHIBIT 1

1    Q    But your time logs will have the next day?

2    A    Correct.

3    Q    How many days are you alleging that you missed work as a result of this occurrence?

5    A    That would be in my answers.

6    Q    They're not in your answers.

MR. SLIVNICK: We'll provide the logs for afterwards. Pat, whatever logs that he's got for afterwards for March, April, May and et cetera for the rest of that year we will provide.

MR. BURGESS: Will you allow us to redepose him as to that?

MR. SLIVNICK: Yes. If you feel it necessary to ask him questions about any documents that I've produced after in terms of logs, I will have no problem with you, you know, supplementing the deposition questions relative to newly produced documents.

MR. BURGESS: How about this. I won't ask any more questions regarding the wage loss because it seems like, as you said, you know, if you're going to be producing more documents on that, including tax returns and future work logs, I won't ask any but an agreement between all of us that we will continue it until once we get those documents?

```
 1        MR. SLIVNICK:  I think that's not a problem.  So
 2   long as we continue it just relative to anything newly
 3   produced.
 4        MR. BURGESS:  That's fine.
 5        MS. OSWALD:  That's fine with us as well.
 6        MR. SLIVNICK:  I think that's only fair.  Off the
 7   record for a second.
 8             [Discussion had off the record.]
 9        MR. BURGESS:  Q  Going back just a few questions
10   more regarding your time off work.  Was it you just
11   missed a block of time following the occurrence and then
12   you went back to work, and you hadn't missed a day since
13   then or is it more sporadic?
14        A    Sporadic.
15        Q    Okay.  And you're saying it's sporadic because
16   why are you missing -- When is the last time you missed
17   a day of work that you're alleging as a result of this
18   occurrence?
19        A    Today.
20        Q    Okay.  When is the last time you missed a day of
21   work, not related to the legal aspects of the occurrence
22   or for a medical to do -- to go to a doctor, like you
23   just physically couldn't go to work because of this
24   occurrence?
```

# EXHIBIT 2

John J. Thompson          April 7, 2010

Page 199

1   between '06 and '07.
2       Q   Now, did you file tax returns for the year
3   2007?
4       A   I haven't done that yet, sir.
5       Q   So as you sit here today, you have not filed
6   your federal income tax for the year 2007?
7       A   No.
8       Q   As you sit here today, have you filed your
9   tax returns for the year 2008?
10      A   No.
11      Q   As you sit here today, have you filed your
12  tax returns for the year 2009?
13      A   No.
14      Q   There is still -- I guess we're late for the
15  2009.  Is there any reason why you haven't?
16      MR. SLIVNICK:  He's not late for 2009.
17  BY MR. BURGESS:
18      Q   How about 2007, was there any reason why you
19  haven't filed your tax returns for 2007?
20      MR. SLIVNICK:  I'm going to object.  It's
21  irrelevant to this case because this occurred in '08.
22  I'll let you answer.
23      A   I am going to file them.  I have an
24  appointment with an accountant.  I'm just going

John J. Thompson             April 7, 2010

Page 200

1  through boxes of paperwork that I have to get
2  everything together for the accountant as far as log
3  sheets or how many days I worked, et cetera, stuff
4  like that, to do my tax preparation, and I should
5  have those here shortly.  I'm going to say within the
6  next two months I should have all that accomplished.
7  BY MR. BURGESS:
8      Q   What is the name of your accountant?
9      A   His first name is Mario, and his last name,
10 I'm not sure, but I have a phone number for him.
11     Q   What is Mario's phone number?
12     A   (847) 833-8822.
13     Q   And does he have an office?
14     A   To my knowledge, yes.
15     Q   Have you gone to that office?
16     A   No, I haven't.
17     Q   Do you know where his office is located?
18     A   I can't remember the name of the town that
19 it's in.
20     Q   How did you hear about Mario?
21     A   From my banker.
22     Q   Did he give you a card or --
23     A   Yes, he did.
24     Q   Do you have the card with you?

Merrill Legal Solutions
(800) 868-0061          (312) 386-2000